**H. Tompkins, Appellant, v. Henry C. Diamond et al., Appellees.**

1. AMENDMENTS AND JEOFAILS—*what does not constitute amendment.* Upon obtaining leave to add new parties, the declaration should be so amended as to connect such new parties with the cause of action relied upon.

2. ABATEMENT ACT—*section 11 construed.* If an heir or devisee is joined in lieu of the original defendant, it is necessary to connect him with the cause or action by suitable averments in the declaration, which averments must be as full as if such heir or devisee had been the original defendant.

Tompkins v. Diamond.

Assumpsit. Appeal from the Circuit Court of Wayne county; the Hon. P. A. PEARCE, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

J. R. HOLT and CREIGHTON & THOMAS, for appellant.

BONHAM & McLIN, for appellees; HOLMES & YANKEE, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in *assumpsit* originally commenced by appellant against Sarah C. D. Putnam, at the October term, 1899, of the Wayne Circuit Court. An attachment in aid was issued and levied upon real estate in Wayne county. A demurrer to the declaration was filed, which was sustained by the court, and the declaration amended from time to time, until the January term, 1904, when an amended declaration containing five counts was filed.

The first count declared upon a contract alleged to have been made between appellant and one Douglas Putnam, concerning the control of and sale of certain lands in Wayne county, Illinois, owned by said Putnam, and alleges that said Putnam died testate December 24, 1894; that some three weeks later Sarah C. D. Putnam duly qualified as executrix, and undertook and promised appellant to faithfully perform all and singular the obligations of said testate with him; that certain sales of said lands had been made by appellant in the lifetime of said Douglas Putnam, for which there was due appellant $500, and that said Sarah C. D. Putnam afterwards refused to pay said sum. The second count sets up substantially the same matters relied upon for recovery in the first, but in an abbreviated form. The third and fourth counts allege that said Sarah C. D. Putnam, then being executrix as aforesaid, did on August 21, 1895, agree to sell appellant 2,000 acres of said land in consideration of certain things which appellant had theretofore done under

his contract with Douglas Putnam, and certain other things which he undertook to do in the future; that afterwards, on May 9, 1896, said Sarah C. D. Putnam wilfully and wrongfully sold and conveyed by deed the same lands to one H. S. Putnam, which rendered it impracticable for appellant further to continue to carry out his undertaking and deprived him of divers gains and profits which would otherwise have inured to him, and caused the consideration received by said Sarah C. D. Putnam from appellant to be wholly lost to him. The fifth count contained the consolidated common counts, and recited an individual indebtedness from said Sarah C. D. Putnam to appellant. There was also a statement of account of the amount due from Sarah C. D. Putnam to appellant "on his option of purchase of two thousand acres" of said lands.

At the October term, 1904, a demurrer was filed to the amended declaration, which was overruled as to the second, third, fourth and fifth counts thereof. Afterwards, at the January term, 1907, of said court, the death of Sarah C. D. Putnam was suggested and leave given to appellant to amend the declaration by making new parties defendant. Later, at the March term of said year, appellees filed a demurrer to the declaration, which was sustained by the court. Appellant excepted and elected to stand by his declaration, and judgment was entered against him for costs.

The errors assigned are that the court erred in sustaining the demurrer to the declaration and in rendering judgment against appellant. We have examined the declaration carefully and are of opinion that the court might have sustained the demurrer to all the counts except the fifth, which contained only the consolidated common counts, upon the ground that the matters therein set forth were not stated in a manner to show a legal cause of action. It is not necessary to discuss this question, however, as the demurrer to the whole declaration must be sustained for another reason.

While appellant obtained leave to amend his declaration by making new parties, he never appears to have made the amendment so as properly to connect appellees with the suit. The only attempt at amendment appears to have been made by inserting after the name of the original defendant, in the caption of the declaration, the following words: "Amended making heirs etc. deft. Henry C. Diamond, Mary B. Diamond, J. Morrison, Lizzie McCandish, H. E. Diamond, Mary P. Boswell, unknown heirs and legatees of Sarah C. D. Putnam."

The declaration itself did not state whether Sarah C. D. Putnam died testate or intestate, nor is the fact whether she left a will or not said to be unknown, but it proceeded, as formerly, without any change, to assert claims against her, without alleging the relation of appellees to her or connecting them with the land attached or making any further mention of them. The words "unknown heirs and legatees," used after the names of appellees in the amendment to the caption, are meaningless as they there occur. If we may assume that the word "and" should be inserted after the names of appellees and before the word "unknown," as was done in the affidavit of non-residence filed by appellant, the notice of publication given by the circuit clerk, and the summons issued by him, which appear in the record, then there is nothing at all to show what relation, if any, appellees bore to the said Sarah C. D. Putnam, and the fact that they were mentioned as the known heirs of said deceased in the motion for leave to amend would not help the matter.

Appellant relied on section 11 of the Abatement Act, which provides that in case of the death of a sole defendant the suit "shall not on that account abate, if it might be originally prosecuted against the heir, devisee, executor or administrator of such defendant, but the plaintiff, petitioner or complainant may suggest such death on the record and shall by order of

court have summons against such person or legal representative, requiring him to appear and defend the action, proceeding or complaint, after which it may proceed as if it had been originally commenced against him." This statute provides simply for bringing the heir, devisee, etc., into court in place of the original defendant, but after such heir or devisee is brought into court his connection with the deceased or with the property attached, if it is an attachment suit, must be set forth in the declaration as fully as though the suit had been originally commenced against him. The declaration in this case, however, did not attempt to show the relation of appellees to said Sarah C. D. Putnam, deceased, except by the imperfect addition to the caption, nor did it state in any place their interest in the land attached. The demurrer to the declaration was properly sustained, and the judgment of the court will be affirmed.

*Affirmed.*